Donald J. Churnside, OSB No. 791876
E-mail: don@oregonlegalteam.com
Gaydos, Churnside & Balthrop, P.C.
440 E. Broadway, Ste. 300
Eugene, OR 97401
Telephone:  541-343-8060
Facsimile:  541-343-1599
Attorney for Defendant Wells Fargo Bank

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBERT A. LUND, | Case No.: 6:14-cv-00496-MC |
| Plaintiff, | |
| v. | DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FRCP 11 |
| WELLS FARGO BANK, | |
| Defendant. | |

Prior to filing this motion, Defendant has made reasonable attempts to confer with Plaintiff, an unrepresented party, as required by Local Rule 7-1. In open court at the Rule 16 Conference on May 22, 2014, the undersigned requested that Plaintiff contact the Defendant's counsel to discuss the motions discussed at the Rule 16 Conference. As required by FRCP 11(c)(2), this motion is filed with the court more than 21 days after service of this motion upon Plaintiff. At the time of service, Defendant made additional requests that Plaintiff contact the undersigned to discuss the motion, and Plaintiff's position with respect to the motion.

Defendant moves the court for an award of sanctions in favor of Defendant and against Plaintiff, on the grounds and for the reason that Plaintiff's complaint on file herein is improper, the legal contentions are frivolous and have no merit, and Plaintiff's complaint is in violation of FRCP 11.

Such pleading is presented simply to harass Defendant, and increase the cost to Defendant. The claims and legal contentions of Plaintiff are not warranted by existing law, and there is no basis for such claims.

## POINTS AND AUTHORITIES

The factual allegations of Plaintiff's complaint regarding the summons, the motion to quash, the decision on the motion to quash, and the Defendant's compliance with the summons after the motion to quash was denied, are largely accurate. In addition to the points and authorities herein, Defendant relies on the points and authorities and support for Defendant's motion for summary judgment filed previously.

Defendant received a summons from the Internal Revenue Service on August 15, 2013, seeking certain records of Defendant related to Insight Technology Group. A petition to quash such summons was filed by Walter Lund on September 6, 2013. On December 31, 2013, the court entered its order denying the petition to quash, and dismissing that action. On January 9, 2014, a package of 27 pages was sent to Internal Revenue Service agent Ron Robinson, responding to the request for documents of Insight Technology. On February 26, 2014, Plaintiff Robert Lund filed a complaint in state court for Linn County, Oregon, contending that the order denying the petition to quash was not justification for Defendant supplying the documents requested. Plaintiff contends an additional order was necessary or required. There is no support

for that position. There would be no other procedure in place or other opportunity for a further order to be pursued or entered. Plaintiff's claim has no legal support and is without merit.

One ground for denying the petition to quash was the petitioner's lack of standing to represent the interests of Insight Technology Group. The same argument is true in the present case. Robert Lund, Plaintiff, was not a party to the summons, and has no grounds to bring the claims for the benefit of Insight Technology Group. *ORS 9.320*. See also, *28 U.S.C. Sec. 1654*. See *C.E. Pope Equity Trust v. US, 1987, 818 F.2d 696*. It is also interesting to note that Walter Lund filed the petition to quash the summons, and now Robert Lund is filing the complaint. As referenced in Judge Aiken's decision in Walter Lund v. United States of America, Case No. 6:14-mc-00048-AA, the court understands that Walter Lund is Robert Lund's father.

Sanctions are appropriate to deter Plaintiff and prevent vexatious and unnecessary litigation. In the companion case, 6:14-mc-00048-AA, cited above, the Lund family continues to make efforts to hinder, delay, and interrupt the process of the Internal Revenue Service accumulating information relating to various entities in which the Lund family has or may have an interest. In that related case, Judge Aiken denied a similar motion to quash a subpoena.

The actions by Plaintiff require Defendant to unnecessarily incur attorneys fees, costs, and expense. Plaintiff's actions fall squarely within the scope of FRCP 11. An award of sanctions in the amount of Defendant's attorneys fees, and such additional sums as the court deems appropriate to deter additional actions by Plaintiff and Plaintiff's family, is appropriate.

DATED: June 19, 2014.

                                               /s/ Donald J. Churnside
                                         Donald J. Churnside, OSB No. 791876
                                         541-343-8060
                                         Attorney for Defendant Wells Fargo Bank

///

## CERTIFICATE OF SERVICE

I certify that on June 19, 2014, I caused to be served, via first class mail, a full and correct copy of the foregoing DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FRCP 11 to the parties of record, addressed to the following:

Robert Lund
P.O. Box 151
Albany, OR 97321
541-401-4013

*I swear that under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.*

DATED: June 19, 2014.

/s/ Donald J. Churnside
Donald J. Churnside, OSB No. 791876
541-343-8060
Attorney for Defendant Wells Fargo Bank