IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT A. LUND,       Case No. 6:14-cv-00496-AA
                                     O R D E R
    Plaintiff,

v.

WELLS FARGO BANK,

    Defendant.

---

AIKEN, Chief Judge:

    This matter arises out of the United State's[1] investigation into plaintiff Robert Lund's federal income tax liability. Pursuant to this investigation, IRS Agents served banking institutions, including defendant Wells Fargo, with administrative summonses to produce certain financial records. In a previous lawsuit, filed on February 11, 2014, plaintiff's father, Walter Lund, moved to quash the summons issued to defendant ("Summons"). See <u>Lund v. United States</u>, Case No. 6:14-mc-00048-AA (D.Or. 2014). On May 8, 2014, the

---

[1] As acting though the Internal Revenue Service ("IRS").

Page 1 - ORDER

Court granted the IRS's motion to dismiss Walter Lund's petition to quash. Accordingly, defendant subsequently furnished documents pursuant to the Summons.

On February 18, 2014, plaintiff commenced this action, alleging that defendant violated his state and federal constitutional rights by acting in accordance with the Summons absent an affirmative court order requiring compliance therewith. That same day, plaintiff filed an identical complaint against JPMorgan Chase Bank, N.A., arising out of similar factual circumstances.[2] See Lund v. Chase Bank, Case No. 6:14-cv-00448-AA (D.Or. 2014). On June 2, 2014, defendant filed the present motion for summary judgment pursuant to Fed. R. Civ. P. 56. Defendant also moved to impose sanctions.

For the reasons articulated in Lund v. Chase Bank, defendant's motion for summary judgment is granted and this case is dismissed. Nonetheless, because plaintiff is proceeding pro se and has not previously been, either orally or by written order, instructed about the seriousness of filing frivolous lawsuits, like those at issue here, the Court finds the imposition of sanctions improper. See Frank v. Cascade Healthcare Community, Inc., 2013 WL 6002442, *4 (D.Or. Nov. 5, 2013). Should plaintiff continue to seek recourse

---

[2] The only meaningful difference between the lawsuits against Wells Fargo and JPMorgan Chase Bank, N.A., relates to the disposition of the underlying motions to quash. In Lund v. United States, the Court ruled on the validity of plaintiff's father's petition and dismissed the action, whereas in Lund v. Chase, plaintiff filed, and then voluntarily withdrew, his petition before the Court reached the merits of the IRS's motion to dismiss.

Page 2 - ORDER

premised on defendant's, or any other party's, adherence to an IRS summons that was previously litigated to a final judgment, the Court will entertain a renewed motion for sanctions.

## CONCLUSION

Defendant's motion for summary judgment (doc. 19) is GRANTED. Defendant's motion for sanctions (doc. 23) is DENIED. As such, defendant's request for oral argument is DENIED as unnecessary. This case is DISMISSED.

IT IS SO ORDERED.

Dated this 26th of June 2014.

_____
Ann Aiken
United States District Judge